IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Gregory Hatt, | ) | Civil Action No. 5:21-cv-2938-RMG |
|                 Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Barnes, | ) | |
|                 Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation ("R &R") of the Magistrate Judge recommending the Court dismiss without prejudice Petitioner's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. For the reasons stated below, the Court adopts the R & R as the Order of the Court.

I. **Background**

Gregory Hatt ("Petitioner") is a federal prisoner housed at the Federal Correctional Institution in Bennettsville, South Carolina. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 raising three grounds for relief. (Dkt. No. 6). On January 12, 2022, Respondent filed a motion to dismiss the petition. (Dkt. No. 28). On February 25, 2022, Petitioner filed a motion to stay, or in the alternative, motion to dismiss the petition without prejudice. (Dkt. No. 41). Respondent filed a response to Petitioner's motion on March 11, 2022. (Dkt. No. 42). On March 31, 2022, the Magistrate Judge issued an R & R recommending the court deny Petitioner's motion to stay, grant Petitioner's motion to dismiss without prejudice, and deny as moot Respondent's motion to dismiss. (Dkt. No. 44). Petitioner has not filed objections to the R & R. The matter is ripe for the Court's review.

II. **Standard**

1

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Petitioner has not filed objections in this case and the R & R is reviewed for clear error.

## III.    Discussion

Upon a review of the R & R, the Court finds the Magistrate Judge correctly determined that Petitioner's motion to say should be denied. Petitioner moves to stay the case so he can obtain documents and expert reports related to his grounds for relief. (*Id.* at 4-5.) The District Court generally has authority to issue a stay when a stay would be a proper exercise of discretion. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). When conducting a review of a petition for writ of habeas corpus, the District Court may stay the proceeding if the habeas petition is a mixed application containing both exhausted and unexhausted claims and a petitioner's ability to file a future habeas application after proper exhaustion in the state courts will clearly be foreclosed. *Id*.

The Magistrate Judge determined that all of Petitioner's claims appear to have been exhausted and determined on the merits. (Dkt. No. 44 at 3). Petitioner moves to stay only to gather evidence in support of his claims. The Court finds that the Magistrate Judge correctly determined that denying Petitioner's motion to stay is appropriate.

Petitioner requests for the court to dismiss his habeas petition without prejudice if his motion to stay is denied. (Dkt. No. 41 at 5). Respondent does not oppose Petitioner's request to dismiss the petition without prejudice if the motion to stay is denied. (Dkt. No. 42 at 3). The Magistrate Judge construed Petitioner's request to dismiss the petition as a Rule 41(a)(2) motion to voluntarily dismiss. (Dkt. No. 44 at 3). As a general rule, a plaintiff's motion for voluntary dismissal under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant. *Gross v. Spies*, 133 F.3d 914, at * 5 (4th Cir. 1998) (outlining factors the court should consider when ruling on a Rule 41(a)(2) motion). The Magistrate Judge correctly determined that Respondent will not suffer substantial prejudice if the petition is dismissed without prejudice. (Dkt. No. 44 at 4).

**IV.     Conclusion**

For the reasons stated above, the Court **ADOPTS** the R & R as the Order of the Court. (Dkt. No. 44). Petitioner's motion to stay is **DENIED**. (Dkt. No. 41). Petitioner's motion to dismiss the petition without prejudice is **GRANTED**. (*Id.*). Respondent's motion to dismiss the petition is **DENIED AS MOOT**. (Dkt. No. 28).

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

April 22, 2022
Charleston, South Carolina